```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ERIC WEBER                                        CIVIL ACTION

VERSUS                                            NUMBER: 06-11220

ACLU, ET AL.                                      SECTION: "S"(5)
```

### REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed in forma pauperis against defendants, the American Civil Liberties Union ("ACLU") and Eric Balaban, an ACLU attorney.

Plaintiff is a state prisoner who is presently incarcerated at the Allen Correctional Center, Kinder, Louisiana, having previously been housed at the Orleans Parish Prison ("OPP") when Hurricane Katrina made landfall on August 29, 2005. Subsequent to the latter occurrence, plaintiff alleges that by letter dated October 7, 2005, the defendants solicited him as a potential client by providing him with a questionnaire and sign-up sheet regarding the conditions he

endured at OPP, which paperwork plaintiff dutifully completed and returned to the defendants, never to hear from them again. Plaintiff subsequently ascertained that suit had not been filed on his behalf and the prescriptive period within which he was to do so has now expired. For this alleged neglect, plaintiff seeks an unspecified amount of monetary damages.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous.

It is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). As a

general rule, absent allegations of a conspiracy with traditional state actors, neither appointed nor retained counsel are considered to be acting under color of state law for purposes of §1983 liability. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985). Because there is no hint of state action here, plaintiff's §1983 claim against the named defendants should be dismissed with prejudice under §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Lyons v. Sheetz, 824 F.2d 493, 495 (5th Cir. 1987)(citing Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2674 (1982)).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed as frivolous pursuant to §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 9th day of January, 2007.

*Alma L. Chasez*
UNITED STATES MAGISTRATE JUDGE